IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ASI SELECT INSURANCE CORP.<br>as subrogee of Edwin and Laura Ragle,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GREE USA, INC.<br>and MJC AMERICA, LTD.<br><br>　　　　Defendants. | No: 1:21-cv-2197<br>**JURY DEMAND** |

## COMPLAINT

NOW COMES Plaintiff, ASI Select Insurance Corp. as subrogee of Edwin and Laura Ragle, by and through its attorneys, Cozen O'Connor, and for its Complaint against Defendants, Gree USA, Inc. and MJC America, Ltd., states as follows:

## PARTIES

1. Plaintiff ASI Select Insurance Corp. ("ASI") was and remains an insurance company organized under the laws of the State of Delaware, with a principal place of business located in St. Petersburg, Florida, and was authorized and licensed to provide property insurance coverage for properties and individuals located in the State of Indiana.

2. At all times relevant, Plaintiff's insureds, Edwin and Laura Ragle ("Ragle") were residents and citizens of the State of Indiana with a residence at 2120 Lake Drive, Anderson, Indiana 46012 (the "Premises").

3. Defendant Gree USA, Inc. ("Gree") is a California corporation with a principal place of business at 4195 Chino Hills Parkway #1026, Chino Hills, California 91709. At all times

relevant hereto, Gree was engaged in the business of designing, manufacturing, distributing, selling, and/or supplying dehumidifiers in and throughout the United States, including Indiana.

4. Defendant, MJC America, Ltd. ("MJC") is a California corporation with a principal place of business located at 20035 East Walnut Drive North, City of Industry, California 91789. At all times relevant hereto, MJC was engaged in the business of designing, manufacturing, distributing, selling, and/or supplying dehumidifiers in and throughout the United States, including Indiana.

## JURISDICTION & VENUE

5. Jurisdiction is proper based upon the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

6. Venue is proper in the Southern District of Indiana, Indianapolis Division, pursuant to 28 U.S.C. § 1391 because it is the judicial circuit in which a substantial part of the events giving rise to the claims occurred.

## COMMON ALLEGATIONS

7. At all times relevant, ASI provided property insurance to Ragle with respect to their real and personal property at the Premises, as well as additional living expenses.

8. On or before September 19, 2019, Ragle owned a dehumidifier designed, manufactured, marketed, distributed, and/or sold by Defendants Gree and MJC ("the Dehumidifier").

9. At all times relevant, the Dehumidifier was in substantially the same condition as when introduced into the stream of commerce by Defendants.

10. On or about September 19, 2019, the Dehumidifier caught fire in the basement of the Premises.

11. The fire caused substantial damage and destruction to Ragle's real and personal property, as well as emergency expenses and additional living expenses.

12. As a result of the fire, Ragle made a claim to ASI pursuant to their insurance policy, and ASI reimbursed Ragle for those claims in an amount in excess of $600,000.00.

13. By virtue of its payments, ASI is now legally, equitably, and contractually subrogated to Ragle's claims against any responsible third parties, including the Defendants.

## COUNT I
### (Strict Product Liability v. Defendants)

14. Plaintiff incorporates paragraphs 1-13 by reference as if set forth at length herein.

15. The Defendants designed, manufactured, marketed, distributed, sold, and/or placed into the stream of commerce the Dehumidifier.

16. The Dehumidifier was defective and unreasonably dangerous at the time it left the Defendants' control.

17. The Dehumidifier was expected to and did reach the consumer, Ragle, without substantial change and remained in substantially the same condition and without any material alterations from the time it was sold until the date of the fire.

18. The Dehumidifier was used for its intended purpose and/or for a purpose that was reasonably foreseeable by the Defendants.

19. The Dehumidifier was defective in design and/or manufacture in that it could overheat, smoke and catch fire, posing fire and burn hazards to consumers.

20. The Dehumidifier was defective in design and/or manufacture in that it deviated in a material way from its manufacturing performance standards and/or deviated in a material way from otherwise identical units manufactured to the same design.

21. The Dehumidifier was defective in design and/or manufacture in that when it left the Defendants' custody and control, the foreseeable risks and dangers exceeded the benefits associated with the design and manufacture and/or the design and manufacture was more dangerous than an ordinary consumer would expect when used in its intended and reasonably foreseeable manner.

22. The Dehumidifier was defective due to inadequate warning or instruction.

23. The Defendants knew or should have known of the defects in the Dehumidifier, and failed to address the defects or otherwise warn consumers.

24. As a direct and proximate cause of the defective and unreasonably dangerous condition of the Dehumidifier, the fire occurred, causing extensive damage to the real and personal property of Ragle.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants Gree and MJC for the damages alleged, for pre-verdict interest and/or post-verdict interest, and for all other costs allowed by law.

## COUNT II
**(Negligence v. Defendants)**

25. Plaintiff incorporates paragraphs 1-13 by reference as if set forth at length herein.

26. The Defendants designed, manufactured, marketed, distributed, sold, and/or placed the Dehumidifier into the stream of commerce.

27. At all relevant times, the Defendants owed Plaintiff and Ragle a duty to use reasonable care in the design, manufacturing, assembly, and sale of the Dehumidifier, so that the Dehumidifier was safe and free of defects.

28. The fire and resulting damage was the result of a malfunction in the Dehumidifier in the course of its ordinary use.

29. The malfunction of the Dehumidifier was due to a defective condition in the Dehumidifier in that it could overheat, smoke and catch fire, posing fire and burn hazards to consumers, including Ragle.

30. The Dehumidifier contained the defect when it left the Defendants' possession and control.

31. The Defendants had a duty to warn persons who might reasonably use their dehumidifiers of dangerous defects in its products.

32. It was foreseeable to the Defendants that if the Defendants designed, manufactured, distributed, and sold a defective dehumidifier and/or if the Defendants failed to warn of such defect, purchasers of such defective products could incur personal injury or property damage.

33. Ragle used the subject Dehumidifier for its intended and/or reasonably foreseeable purpose.

34. The Defendants breached its duties by designing, manufacturing, marketing, distributing, and selling the Dehumidifier with the dangerous defect and/or by failing to warn of the defect and/or by failing to adopt a safer, practical, feasible, or otherwise reasonable alternative design that could have been reasonably adopted that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the Dehumidifier.

35. As a direct and proximate result of the Defendants' negligence, carelessness, and recklessness, a fire started in the basement of the Premises and caused substantial damage to Ragle's real and personal property.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants Gree and MJC for the damages alleged, for pre-verdict interest and/or post-verdict interest, and for all other costs allowed by law.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues triable as of right by a jury.

Dated: August 6, 2021                                   Respectfully Submitted,


By: /s/ *Marisa L. Saber*

Marisa L. Saber (IL Bar 6293678)
COZEN O'CONNOR
123 N. Wacker Dr.
Suite 1800
Chicago, Illinois 60606
Phone: (312) 382-3183
Fax: (312) 706-9783
msaber@cozen.com
***Attorneys for Plaintiff***